UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| In re:<br><br>UNUMPROVIDENT CORP.<br>ERISA BENEFITS DENIAL ACTIONS | Lead Case No. 1:03-cv-1000<br><br>CLASS ACTION<br><br>MDL Case No. 1:03-md-1552<br><br>Chief Judge Curtis L. Collier |
| CAROL J. TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORP., et al.,<br><br>        Defendants. | Case No. 1:03-cv-1009<br><br>CLASS ACTION<br><br>MDL Case No. 1:03-md-1552<br><br>Chief Judge Curtis L. Collier |

## SUPPLEMENTAL MANAGEMENT ORDER

Before the Court is a motion posed by all defendants ("Defendants") in the above captioned cases requesting the Court issue a supplemental management order. Defendants seek to clarify the Court's position on three issues: (1) whether any amendments to the pleadings can be made at this point in the litigation; (2) whether the stay entered on December 5, 2005 is still in effect; and (3) whether notice to putative class members and / or Court approval of settlement terms is required to effect a settlement of the remaining named Plaintiffs'[1] individual claims. In issuing this Order, the Court **GRANTS in part** and **DENIES in part** Defendants' motion for a supplemental management

---

[1] Defendants' motion lists eight named Plaintiffs remaining (Dauphinee, Gately, Harris, Jenkins, Keir, Rocco, Rombeiro, and Washington)(Court File No. 192). Subsequent to filing the motion, Defendants and Plaintiff Dauphinee filed a joint motion to dismiss (Court File No. 199). Therefore, the Court notes only seven named Plaintiffs Gately, Harris, Jenkins, Keir, Rocco, Rombeiro, and Washington ("remaining named Plaintiffs") remain.

order.

The Court **GRANTS** Defendant's request for a supplemental management order with respect to the first issue. The Court **will not allow** any amendments to the pleadings at this point in the litigation or at any point in the future. This order forbidding amendment of pleadings will still apply to the individual cases even if and when they are transferred back to their original trial courts. The main purpose for the Plaintiffs' filing a Consolidated Amended Complaint is to consolidate any and all claims Plaintiffs had against the Defendants in an efficient, complete document. As a result, substantial effort and time have been expended to litigate and mediate the claims of the remaining Plaintiffs contained within the Consolidated Amended Complaint. Therefore, the Court finds Plaintiffs should not be able to supplement the Consolidated Amended Complaint with additional claim(s) they intentionally chose to leave out when filing the Consolidated Amended Complaint in this Court.

Further, the Court **DENIES** Defendants' motion for supplemental order on the second issue regarding the stay entered on December 5, 2005. According to the last joint mediation report (Court File No. 190), settlement negotiations in the Taylor action are continuing. Further, many named plaintiffs have recently filed joint motions to dismiss their claims (Court File Nos. 189, 199). Therefore, the Court will decide when to lift the stay on future deadlines in due time.

Finally, the Court is concerned by the parties' conflicting positions regarding an alleged breach of the confidentiality of the mediation process as to the third issue raised in Defendants' motion. The Court does not want to make any decisions on information contained in the Defendants' motion which was improperly submitted to the Court. Therefore, the Court **ORDERS** the mediator in these cases, the Hon. Robert P. Murrian, to advise the Court whether or not the information contained in Defendants' motion, specifically with respect to the Defendants' disclosure

Plaintiffs' desire to notify members of the putative class and/or obtain court approval before settlement of any remaining Plaintiffs' claim, was a breach of the confidentiality of the mediation process and, therefore, should not be considered by the Court.

**SO ORDERED.**

**ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**